## ARNETT *v.* HILL *et al.*

*(Supreme Court, General Term, Fifth Department.　October 23, 1890.)*

PAYMENT—EVIDENCE—WEIGHT AND SUFFICIENCY.

> . In an action to foreclose a mortgage the question in issue was whether a payment of $888 had been made on the mortgage debt. The principal was payable in annual installments, with the privilege to the mortgagor of paying a sum of not less than $100 of principal at any time when interest was payable. A receipt signed by the mortgagee for "$888 to apply on bond and mortgage held by me" was offered in evidence. The mortgagor, who was corroborated by other witnesses, testified that $88 of the payment was in satisfaction of interest, and $800 to be applied to the principal. The mortgagor and four other witnesses testified that the receipt was genuine, but were opposed by the opinion evidence of four experts and five other witnesses who claimed to be familiar with the mortgagee's handwriting. Plaintiff, the mortgagee's administratrix, testified that she was present when the money was paid, that she subsequently indorsed $88 as a payment of interest on the bond, and that the mortgagee signed a receipt which was produced by the mortgagor, but she did not testify that the signature to the receipt in question was not that of the mortgagee. *Held,* that the evidence did not sustain a finding that there was a payment of only $88 at the time mentioned. DWIGHT, P. J., dissenting.

Appeal from judgment on report of referee.

Action by Nellie Arnett as administratrix of B. Arnett, deceased, Ezekiel M. Hill, and another, to foreclose a mortgage. A judgment for the foreclosure of the mortgage, and a sale of the mortgaged premises, was entered in Monroe county, on the report of the referee, and defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*William E. Edmonds,* for appellants.　*George M. Murphy,* for respondent.

MACOMBER, J.　This action was brought for the foreclosure of a real-estate mortgage, bearing date the 1st day of April, 1887, given as collateral security for the payment of a bond in the sum of $7,200, with interest, payable December 1, 1887, and in each year thereafter. The principal sum was payable in 11 equal annual installments, with the privilege to the mortgagor of paying a sum not less than $100 of principal at any time when interest was payable. The controversy arises out of a difference between the mortgagor and the plaintiff, who is the executrix of the last will and testament of Benjamin Arnett, the mortgagee, touching the amount of money paid to the deceased on the 1st day of December, 1887, the defendant claiming that such payment was $888, being $800 of principal, and $88 of interest, and the plaintiff claiming that the same was the sum due for interest only. The learned referee has accepted the version of the transaction favorable to the plaintiff, holding that only the sum of $88 was paid at the time mentioned, and that consequently the plaintiff was entitled to the usual decree of foreclosure and sale. In this conclusion we think he is not sustained by a preponderance of the evidence. An examination of the case convinces us that the clear weight of the evidence was in favor of the contention of the defendant, and that he should have been credited with the amount of money in dispute. A receipt is produced by the defendant upon the trial, which reads as follows: "ROCHESTER, Dec. 1, 1887. Received of E. M. Hill, eight hundred and eighty-eight dollars to apply on bond and mortgage held by me. [Signed] B. ARNETT." In support of the defendant's contention, four classes of evidence are set forth. The *first* is that of himself that he actually paid the sum of $888, and took this receipt therefor, the body of which he says is in his own handwriting, and the signature to it is that of the mortgagee which he saw him actually append thereto. *Secondly.* A witness by the name of John Outterson testified to admissions made by the plaintiff's testator that the sum of $800 of principal had been paid upon the mortgage, and in this the witness was corroborated by the defendant Mary A. Hill. Neither of these witnesses was impeached, nor their evidence in any respect impaired. *Thirdly.* The

witnesses, George Elliott, Noyes Williams, Adelbert M. Hitchens, and William E. Edmonds, who had had business transactions with the deceased, testified that the signature to the receipt is genuine. *Fourthly.* Expert testimony to the same effect was given by the witnesses Charles F. Pond, Thomas B. Husbands, and Andrew J. Taylor. Opposed to this evidence is the expert testimony of the witnesses C. Henry Amsden, Frederick P. Allen, Fred A. Cole, William H. Farrand, and the testimony of the following witnesses, not experts, but who claim to be familiar with the handwriting of the deceased, Frank Kingsley, Charles H. Sheldon, John S. Pruyn, Fred W. Zoller, and Harry A. Olmstead. Such testimony consists, not of facts, but of expressions of opinion, which, as one of the witnesses says, is much a matter of speculation. The plaintiff herself, who was also a witness, being called several times upon different matters, while testifying that she was present when the money was paid by the mortgagor to the mortgagee, and that she subsequently indorsed the sum of $88 as a payment of interest upon the bond, and that her husband signed a receipt which was produced by the defendant, does not testify that the signature to this receipt is not that of her husband. A reason is given by the defendant, as coming from the mouth of the deceased, why he did not wish his wife to know of the payment of the $800 of principal. Moreover, the defendant has, in his testimony, given in detail the sources from which he obtained moneys which he claims to have paid to the plaintiff's intestate. The judgment substantially convicts the defendant of forgery. Such a conclusion ought to be reached in the case of a person of unimpeached character only where the evidence unerringly points that way. On the whole, we think that the judgment should be reversed on questions of fact, and a new trial granted before a jury upon issues to be framed on application to the special term, with costs of this appeal to abide the final award of costs.

CORLETT, J., concurs. DWIGHT, P. J., dissents.